IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL W. BARNES, | § | |
| TDCJ #1438082, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-02154 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Michael W. Barnes (TDCJ #1438082), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").   Barnes has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the legality of his confinement.  He has also filed a memorandum in support of his claims.  After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.  **BACKGROUND**

Barnes discloses that a jury convicted him of burglary of a habitation on May 24, 2007, in cause number 1072414. The 183rd District Court for Harris County, Texas, sentenced Barnes to serve 35 years imprisonment.  The Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment on July 3, 2008, and Barnes' petition for discretionary review was dismissed as untimely.  *Barnes v. State*, No. No. 14-07-00433-CR, 2008 WL 2606192 (Tex. App. Houston [14th Dist.] Jul. 3, 2008, pet. dism'd).

Barnes now seeks a federal writ of habeas corpus to challenge his conviction in cause number 1072414.  As grounds for relief, Barnes contends that he is actually innocent of the crime for which he was convicted because he was never identified as the perpetrator.  He also contends that the judgment and sentence are void because the court never acquired jurisdiction over him.  Barnes alleges that he was denied effective assistance of trial counsel and that the prosecutor engaged in misconduct by using perjured testimony and false evidence to obtain his conviction.  Barnes complains that there are no records pertaining to the offense because they were either destroyed or never existed.

2

Barnes has previously filed a federal petition for a writ of habeas corpus challenging the same burglary conviction.  The petition was dismissed as untimely. *Barnes v. Thaler*, Civil  No. H-11-0139 (S.D. Tex. 2011).

## II.   DISCUSSION

### A.   Statute of Limitations

Barnes's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("the AEDPA") provisions which include a one-year statute of limitations.  28  U.S.C. §  2244(d); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  The AEDPA's limitation provisions are set forth in the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Barnes's conviction became final on August 3, 2008, thirty days after his conviction was affirmed. *See Wilson v. Cain*, 564 F.3d 702, 706 (5th Cir. 2009). Barnes filed four state applications for a writ of habeas corpus but he did not file the first one until October 6, 2009, more than one year and two months after the conviction became final. Consequently, those applications did not toll the limitations period because they were filed after the period had elapsed. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir.2000)).

Barnes's federal habeas corpus petition was executed on July 23, 2013, and therefore handed over to prison authorities for mailing to the Court no earlier than that

date.[1]  Thus, his pending petition is barred by the governing statute of limitations because it was filed more than one year after the challenged conviction was final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Barnes acknowledges that his petition is untimely but argues that the Supreme Court has ruled recently that the one-year statute of limitations does not apply to petitions where the petitioner pleads actual innocence. [Doc. # 1, at 10].  He also contends that void judgments are subject to collateral attack at any time according to the "Void Judgment Exception."  *Id.*

**Actual Innocence —** In a recent opinion, the Supreme Court has held that a claim of actual innocence could be a basis for equitable tolling.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).  However, the high court also stated that a petitioner asserting actual innocence must present new evidence in support of his claim and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 1935 (citing *Schlup v. Delo*, 513 U.S., 298, 327 (1995)).  Barnes relies on his unsupported statement that he was never identified at trial by any of the witnesses or the evidence as the perpetrator of the burglary.  [Doc. # 1, at 7].  The Fourteenth Court of Appeals previously held that the fingerprints found on broken glass at the scene of the burglary was sufficient to

---

[1]     Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

prove that he had committed the offense.  *Barnes*, 2008 WL 2606192, at *2.  Barnes'
claim of actual innocence is unavailing because he presents no newly discovered
evidence which would undermine this Court's confidence regarding the state district's
findings of guilt.  *McQuiggin*, 133 S.Ct. at 1936 -1937 (citing *Schlup*, 513 U.S. at
316).

**Void Judgment** — Barnes does not cite any federal cases in support of his
argument that the "Void Judgment Exception" bars dismissal of his § 2254 petition
for a writ of habeas corpus as untimely.  There is such an exception under Texas law
but this applies to prisoners challenging orders revoking their release on community
supervision.  *See Miller v. Director, TDCJ-CID* , 2012 WL 3061429, *5 (E.D.Tex.
2012) (citing *Nix v. State,* 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).  Barnes was
tried by a jury and was never placed on community supervision.  His argument has no
relevance to the untimeliness of his petition challenging a trial court's judgment.

Barnes has had an opportunity to explain why his petition is not barred by 28
U.S.C. § 2244(d).  Moreover, he has been previously notified that his 2007 state court
conviction is barred by limitations.  *Barnes*, No. H-11-0139.  Therefore, his habeas
petition shall be dismissed as untimely under 28  U.S.C. §  2244(d).

### B.    **Successive Petition**

In addition to being untimely, this is not the first federal habeas corpus petition that Barnes has filed to challenge the conviction in cause number 1072414.  Barnes filed a previous federal habeas corpus petition challenging that same conviction in this district.  *See Barnes v. Thaler*, Civil No. H-11-0139 (S.D. Tex. 2011).  In that case, Barnes complained of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, invalid complaint, denial of an impartial jury in violation of *Batson*, improper restitution order, and denial of the right to appeal.  The petition was dismissed as barred by limitations.  The United States Court of Appeals subsequently denied Barnes's request for a certificate of appealability.  *Barnes v. Thaler*, No. 11-20456 (5th Cir. Dec. 1, 2011).  Therefore, Barnes's pending petition is subject to dismissal for reasons discussed briefly below.

This case is subject to the AEDPA's bar against successive habeas petitions, codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).  Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to

consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id*.; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claims referenced in the pending petition could have and should have been presented previously in Barnes's earlier habeas corpus proceeding. Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some

merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).   The petitioner has not presented the requisite authorization.   Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775.   Accordingly, the petition must be dismissed as an unauthorized successive writ.   In addition, the petition has previously been found to be untimely.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim.   Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION**

The Court **ORDERS** as follows:

1.    This federal habeas corpus proceeding is **DISMISSED** as successive and untimely.  28  U.S.C. § 2244(b); 28  U.S.C. § 2244(d).

2.    The motion to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner and to the Office of the Attorney General for the State of Texas, 300 15th Street, Austin, Texas  78701.

SIGNED at Houston, Texas, on ⎯August 15⎯⎯⎯⎯⎯⎯⎯ 2013.


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Nancy F. Atlas
United States District Judge